## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOSE DELGADO MOLINA,

     Plaintiff,

-vs-                       CASE NO.

TRANS UNION LLC and
FIRSTBANK PUERTO RICO,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, JOSE DELGADO MOLINA (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, TRANS UNION LLC ("Trans Union") and FIRSTBANK PUERTO RICO ("FirstBank") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.    Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Plaintiff is a resident in this District; a substantial portion of the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.    Plaintiff is a natural person and resident of Orange County, Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f).  Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

13.    FirstBank is a FDIC insured state-chartered bank with its principal place of business in Puerto Rico and is authorized to conduct business in the State of

Florida through its registered agent, Katarina Gonzalez, located at 800 Waterford Way, Suite 800, Miami, Florida 33126.

14.    FirstBank is a "furnisher of information" as that term is used in 15 USC § 1681s-2.

15.    FirstBank furnished information regarding Plaintiff to Trans Union which was inaccurate.

## **FACTUAL ALLEGATIONS**

16.    Plaintiff is a natural person who is alleged to owe a debt to multiple accounts, including FirstBank.

17.    On or about early 2023, Plaintiff attempted to obtain a home equity line of credit through non-party, Connexus Credit Union.

18.    Upon information and belief, as part of the application process, Connexus Credit Union reviewed Plaintiff's Trans Union credit report which revealed personal identifying information and accounts belonging to "John D Escobar".

19.    Shortly thereafter, Plaintiff contacted Trans Union to dispute the inaccurate reporting. Plaintiff advised Trans Union that personal information and accounts were being reported to his credit file which were not his.

20.    On or about April 15, 2023, Trans Union responded to Plaintiff's dispute by sending a copy of a credit report for "John D Escobar". Trans Union was confusing Plaintiff with someone else.

21.     On or about April 21, 2023, Trans Union responded to Plaintiff's dispute by sending a copy of a credit report for Plaintiff which still included information and accounts which did not belong to Plaintiff.

22.     Subsequently, upon information and belief due to the inaccurate information, Plaintiff's application for a home equity line of credit was denied by Connexus Credit Union on or about April 14, 2023.  Some of the information not belonging to Plaintiff reported derogatory credit information.

23.     Shortly thereafter, Plaintiff again attempted to obtain a home equity line of credit through non-party, Regions Bank.

24.     Based upon information and belief, Regions Bank obtained a copy of Plaintiff's credit report as part of the application process.

25.     Subsequently, upon information and belief due to the inaccurate information being reported, Plaintiff's application for a home equity line of credit was denied by Regions Bank on or about May 16, 2023.

26.     On or about May 17, 2023, Plaintiff obtained a copy of his Trans Union credit report which revealed addresses, phone numbers, employers, and hard inquiries which did not belong to Plaintiff. Further, Trans Union was reporting five (5) accounts which were not Plaintiff's:

      i.     FirstBank, partial account no. 10050380005****, for an unsecured installment account ("FirstBank Account");

ii.   AES/Education Services, partial account no. 8861180820PAO****, for a student loan opened on November 6, 2006;

iii.  AES/Education Services, partial account no. 8861180820PAO****, for a student loan opened on January 23, 2006;

iv.   Pentagon Federal Credit, partial account no. 3161776****, for an automobile loan; and

v.    Reliable Financial, partial account no. 5683508****, for an automobile loan.

27.    In response to the inaccurate reporting, on June 1, 2023, Plaintiff mailed a detailed written dispute letter to Trans Union regarding the erroneous reporting of the personal identifying information, hard inquiries, and aforementioned accounts. In his dispute letter, Plaintiff made Trans Union aware that they were reporting information presumed to belong to "John D Escobar" on his Trans Union credit report. Plaintiff included a copy of his driver's license and social security card, so Trans Union could properly identify Plaintiff. Plaintiff also included images from his credit report of the erroneous information and accounts and copies of the home equity line of credit denial letters.

28.    Plaintiff mailed his written dispute letter via USPS Certified Mail, tracking no. 9505 5157 8709 3152 6313 25.

29.    On or about June 28, 2023, Trans Union responded that they had updated Plaintiff's personal information, and the following accounts were deleted from his credit report.

      i.    AES/Education Services, partial account no. 8861180820PAO****;

      ii.    AES/Education Services, partial account no. 8861180820PAO****; and

      iii.    Pentagon Federal Credit, partial account no. 3161776****.

      iv.    Trans Union did verify the FirstBank of Puerto Rico derogatory account.

30.    Trans Union failed to conduct any independent investigation, and they did not attempt to contact Plaintiff.

31.    On or about July 7, 2023, Plaintiff again obtained a copy of his Trans Union credit report which revealed Trans Union continued to report addresses, phone numbers, employers, and hard inquiries which did not belong to Plaintiff. Further, Trans Union continued to report the erroneous FirstBank Account and Reliable Financial, partial account no. 5683508****.

32.    In response to the continued inaccurate report, on July 13, 2023, Plaintiff again mailed a detailed written dispute letter to Trans Union regarding the erroneous reporting of the personal identifying information, hard inquiries, and FirstBank Account and Reliable Financial, partial account no. 5683508****. In his

dispute letter, Plaintiff made Trans Union reiterated that they were reporting information presumed to belong to "John D Escobar" on his Trans Union credit report. Plaintiff included a copy of his driver's license and social security card, so Trans Union could properly identify Plaintiff. Plaintiff also included images from his credit report of the erroneous information and accounts and copies of the home equity line of credit denial letters.

33.    Plaintiff mailed his written dispute letter via USPS Certified Mail, tracking no. 9505 0710 5270 0575 5077 03.

34.    On or about August 10, 2023, Trans Union responded that they had updated Plaintiff's personal information, and deleted the Reliable Financial, partial account no. 5683508****. Further, the dispute results from Trans Union stated that the FirstBank Account was "VERIFIED AS ACCURATE".

35.    Despite providing Trans Union with all the relevant information needed to prove the FirstBank Account did not belong to Plaintiff, Trans Union continued to report the account incorrectly.  Trans Union was now aware that they had deleted four (4) accounts belonging to someone else, yet they continued to verify another derogatory account not belonging to Plaintiff.

36.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, FirstBank.

37.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

38.    Upon information and belief, Trans Union notified FirstBank of Plaintiff's dispute. However, FirstBank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.  Plaintiff had already communicated with FirstBank and they were unable to identify an account belonging to him, because he did not have an account with them.  FirstBank should be in possession of such recording.

39.    As of the filing of this Complaint, Trans Union continues to report negative information on Plaintiff's credit report regarding the FirstBank Account, and Plaintiff's damages are on-going.

40.    Trans Union failed to properly investigate the facts which Plaintiff explained in his numerous disputes and willfully chose to continue to publish false representations on Plaintiff's credit reports.  FirstBank continues to report to Trans Union an account that does not belong to Plaintiff and which contains derogatory information.

41.    Trans Union has kept the erroneous account and personal information on Plaintiff's credit report despite being notified by Plaintiff that Plaintiff was not

the debtor and victim of a mixed file. Trans Union received all the information necessary to clarify an obvious mixed file in Plaintiff's first dispute letter.

42.    Trans Union has never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of the Complaint with Trans Union's refusal to conduct a meaningful investigation into his dispute as it is required to by law.

43.    Plaintiff continues to suffer as of the filing of this Complaint due to Defendants' reluctance to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

44.    Plaintiff's home was damaged during Hurricane Ian and needs a home equity line of credit to do repairs. However, he has been recently abstaining from applying for credit because of the erroneous reporting as it is destroying his ability to get credit.

45.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit;

    ii.    Loss of time attempting to cure the error;

    iii.    Mental anguish, stress, sleepless nights, aggravation, and other related impairments to the enjoyment of life;

    iv.    Loss of the ability to benefit from lower interest rates;

    v.     Apprehensiveness to apply for an HELOC loan to the fear of rejection; and

    vi.    Defamation as Trans Union published Plaintiff's inaccurate information to third parties.

    vii.    Plaintiff has suffered actual damages in postage paid, paper, ink, and wasted time.

**COUNT I**
**Violation of the 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

46.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

47.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Plaintiff. Trans Union allowed for numerous Furnishers to report inaccurate information on Plaintiff's credit file.

48.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

49.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

50.    The conduct, action and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

51.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JOSE DELGADO MOLINA, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of the 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

52.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

53.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning

Plaintiff. Trans Union allowed for numerous Furnishers to report inaccurate information on Plaintiff's credit file.

54.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

55.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

56.     The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

57.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JOSE DELGADO MOLINA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C § 1681i as to
### Defendant, Trans Union LLC (Negligent)

58.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

59.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; (iii) failing to promptly delete and/or correct inaccurate information in Plaintiff's credit file; and (iv) relying upon verification from a source it must know is unreliable.

60.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

61.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

62.    The conduct, action and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

63.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JOSE DELGADO MOLINA, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C § 1681i as to
### Defendant, Trans Union LLC (Willful)

64.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

65.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; (iii) failing to promptly delete and/or correct inaccurate information in Plaintiff's credit file; and (iv) relying upon verification from a source it must know is unreliable.

66.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

67.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

68.    The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

69.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JOSE DELGADO MOLINA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

### COUNT V
### Violations of 15 U.S.C. § 1681s-2(b) as to

**Defendant, FirstBank Puerto Rico (Negligent)**

70.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

71.    FirstBank furnished inaccurate information about Plaintiff to Trans Union, and through Trans Union, to all of Plaintiff's potential lenders.

72.    After receiving Plaintiff's disputes, FirstBank violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

73.    FirstBank violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Trans Union after it had been notified that the information it was furnishing was inaccurate.

74.    Plaintiff provided all the relevant information and documents necessary for FirstBank to determine that it was furnishing inaccurate information. FirstBank did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations.

75.    Further, FirstBank had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to FirstBank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account was in fact not his. Further, even if it would attempt to plead ignorance, FirstBank had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file.

76.    As a direct result of this conduct, action and/or inaction of FirstBank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

77.    The conduct, action and/or inaction of FirstBank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

78.    Plaintiff is entitled to recover costs and attorney's fees from FirstBank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JOSE DELGADO MOLINA, respectfully requests that this Court award actual damages against Defendant, FIRSTBANK PUERTO

RICO, jointly and severally; award Plaintiff his attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violations of 15 U.S.C. § 1681s-2(b) as to
### Defendant, FirstBank Puerto Rico (Willful)

79.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

80.    FirstBank furnished inaccurate information about Plaintiff to Trans Union, and through Trans Union, to all of Plaintiff's potential lenders.

81.    After receiving Plaintiff's disputes, FirstBank violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

82.    FirstBank violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Trans Union after it had been notified that the information it was furnishing was inaccurate.

83.    Plaintiff provided all the relevant information and documents necessary for FirstBank to determine that it was furnishing inaccurate information. FirstBank

did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations.

84.    Further, FirstBank had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to FirstBank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account was in fact not his. Further, even if it would attempt to plead ignorance, FirstBank had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file.

85.    As a direct result of this conduct, action and/or inaction of FirstBank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

86.    The conduct, action and/or inaction of FirstBank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

87.    Plaintiff is entitled to recover costs and attorney's fees from FirstBank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JOSE DELGADO MOLINA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, FIRSTBANK PUERTO RICO, jointly and severally; award Plaintiff his attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSE DELGADO MOLINA, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, TRANS UNION LLC and FIRSTBANK PUERTO RICO, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

Dated this 28th day of August, 2023.

Respectfully submitted,

/s/ *Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC

412 E. Madison St. Ste 916
Tampa, Florida 33602
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*