**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSE DELGADO MOLINA,

    Plaintiff,

v.                                              Case No:   6:23-cv-1643-PGB-LHP

TRANS UNION, LLC and
FIRSTBANK PUERTO RICO,

    Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S AMENDED MOTION TO COMPEL DESIGNATION OF DEPONENT(S) FOR CORPORATE REPRESENTATIVE DEPOSITION (Doc. No. 38)**
>
> **FILED:** March 22, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Before the Court is Plaintiff's motion to compel Defendant FirstBank Puerto Rico ("FirstBank") to designate a corporate representative for deposition pursuant

to Federal Rule of Civil Procedure 30(b)(6), and to participate in scheduling that deposition "on or before a proximate date certain."  Doc. No. 38.  The motion stems for a Rule 30(b)(6) deposition notice issued to FirstBank on November 20, 2023, which scheduled the deposition for January 2, 2024.  Doc. No. 38-1.  It appears that the parties have continued to confer about this issue.  Doc. Nos. 38-2, 38-3.  However, FirstBank asserted that scheduling the Rule 30(b)(6) deposition was premature.  Doc. No. 38-2, at 1.

In response to Plaintiff's Motion, FirstBank maintains its position that the request to schedule the deposition is premature.  Doc. No. 41.  According to FirstBank, Plaintiff has "failed to engage in a reasonable dialogue with FirstBank to agree on a date that is convenient for all parties," and "conducting depositions prior to written discovery and exchange of documents is premature and unreasonable." *Id.* at 2.  In particular, FirstBank wishes to wait until after the parties' April 12, 2024 mediation to schedule the deposition.  *Id.*

In sum, the parties' dispute boils down to litigation strategy by both sides.  And neither party provides any legal authority supporting their respective position that the 30(b)(6) should immediately proceed versus wait for a later stage of this case.  Doc. Nos. 38, 41.  Absent legal authority in support, the Court finds neither position particularly persuasive.  However, the Court will require the parties to meet and confer to schedule the deposition by a date certain.

Accordingly, upon consideration, it is **ORDERED** as follows:

1. Plaintiff's Amended Motion to Compel Designation of Deponent(s) for Corporate Representative Deposition (Doc. No. 38) is **GRANTED in part**.

2. Within **fourteen (14) days** of the date of this Order, lead counsel for the parties shall meet and confer **in person or by video conference** (other mediums, such as phone call or email, will not suffice), to come to an agreed-upon date for the deposition of FirstBank's Rule 30(b)(6) corporate representative. The deposition shall be scheduled to occur on or before **May 31, 2024**.

3. Within **seven (7) days** of the conference, the parties shall file a **joint** notice setting forth the date, time, place, and location of the deposition. **The parties are cautioned that if they are unable to agree on a deposition date, the Court will schedule the deposition to occur at a location and on a date and time convenient to the Court.**

4. Plaintiff's Motion (Doc. No. 38), including the request for fees in bringing the motion, is **DENIED in all other respects**. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii), (C).

**The parties are reminded of their obligation to engage in civil and cooperative discovery.** Middle District Discovery (2021) § (I)(A).

- 4 -

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties